1  **HANNI M. FAKHOURY**
   California Bar No. 252629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone:  (619) 234-8467
4  Hanni_Fakhoury@fd.org

5  Attorneys for Mr. Ochoa-Ramirez

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                **(HONORABLE WILLIAM Q. HAYES)**

11  UNITED STATES OF AMERICA,          )    CASE NO.: 08CR1637-WQH
                                       )
12            Plaintiff,               )
                                       )    RESPONSE IN OPPOSITION TO
13  v.                                 )    GOVERNMENT'S MOTIONS IN LIMINE
                                       )
14  **BENJAMIN OCHOA-RAMIREZ**,        )
                                       )
15            Defendant.               )
    _____)

16

17                              **I.**

18                     **STATEMENT OF FACTS**

19          On May 21, 2008, a two count indictment was handed down by the January 2007 Grand Jury

20  charging Mr. Ochoa-Ramirez with importing 50.58 kilograms of marijuana, in violation of 21 U.S.C. §§

21  952, 960 and possession of marijuana with intent to distribute, in violation of 21 U.S.C.§ 841(a)(1).

22                              **II.**

23       **RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE**

24  **A.    The Court Should Not Admit Expert Testimony**

25       **1.    Identity of Substance as Marijuana.**

26          As it goes to an element of the charges against him, Mr. Ochoa-Ramirez does not object to the

27  admission of testimony that attempts to prove the item seized was marijuana.

28  //

**2.      Value of Marijuana.**

The value of the marijuana in this case is irrelevant.  Mr. Ochoa-Ramirez is charged with the knowing possession, with intent to distribute, of marijuana.  The marijuana's value does not go to any element of these crimes.  In its papers, the government fails to articulate how the value of the marijuana is "circumstantial" evidence of Mr. Ochoa-Ramirez's mental state at the border.  Without an articulated basis of relevancy to Mr. Ochoa-Ramirez's mental state and not that of the "original owners," the government should be precluded from offering expert testimony about the value of the marijuana.

**3.      Personal Use Versus Distributable Amount of Marijuana**

Any testimony that the amount of marijuana in the van was a "distributable amount" would be improper opinion testimony under Fed. R. Evid. 704.  In a criminal case, no expert may opine that the defendant did or did not have a "mental state or condition constituting an element of the crime charged or a defense thereto."  Fed. R. Evid. 704(b).

To convict Mr. Ochoa-Ramirez under 21 U.S.C. § 841, the government must prove that he possessed marijuana with the intent to distribute it.  The elements of intent and distribution are so closely linked that an expert opinion on one element is, as a practical matter, an opinion on the other.  But see United States v. Younger, 398 F.3d 1179 (9th Cir. 2005) (affirming the admission of such testimony under an abuse of discretion standard).  Allowing an expert to opine that a certain amount of marijuana is a "distributable amount" is tantamount to having that expert opine that Mr. Ochoa-Ramirez intended to distribute that amount.

**4.      The Court Should Not Allow Rebuttal Expert Testimony Regarding the Structure of Drug Organizations.**

Mr. Ochoa-Ramirez objects to any "structure" evidence introduced by the government.  Such evidence is irrelevant and unduly prejudicial in a non-complex drug case where a defendant's knowledge is at issue.  United States v. Vallejo, 237 F.3d 1008, 1015-17.

The government's reliance on United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001) is misplaced.  There, the Ninth Circuit affirmed the admission of a limited type of structure testimony because the defendant (as opposed to the defendant in Vallejo) had raised an issue as to the absence of fingerprints on the marijuana seized from the car he was driving.  Id. at 1176-77.  Mr. Ochoa-Ramirez has not argued that

1    a lack of fingerprints on the marijuana seized from the van he was driving indicates that he lacked

2    knowledge of the drug's presence in the vehicle.  For this reason, <u>Murillo</u> does not apply to this case.

3      Further, the Ninth Circuit has recently reaffirmed the long standing rule that admitting evidence of

4    the structure of a smuggling organization is reversible error absent evidence of a connection between the

5    individual and the smuggling organizations.  <u>United States v. Perez</u>,( USCA No. 07-10207, 9th Cir. April

6    1, 2008).  The Court stated that "[t]estimony about the 'blueprint' structure of [ ] smuggling organizations,

7    and the roles played by different persons within those organization, 'attributes knowledge to the defendant

8    by attempting to connect him to an international conspiracy and thus implies that the defendant participated

9    in a large-scale operation[,]...'" <u>Id</u>. at 3.  (citing <u>United States v. Pineda-Torres</u>, 287 F.3d 860, 865 (9th Cir.

10   2002).

11     The government has not, and cannot establish any link between Mr. Ochoa-Ramirez and a drug

12   trafficking organization, therefore any evidence of the structure of drug organizations, or the roles

13   individuals play within those organizations is inadmissible.

14   **B.** **<u>The Court Should Preclude the Admission of Demeanor Evidence.</u>**

15     Mr. Ochoa-Ramirez objects to any testimony by agents that he appeared "nervous" at the border.

16     **1.**  **"Nervousness" Testimony is Largely Irrelevant and Overly Prejudicial**

17     Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if the "[p]robative value

18   is substantially outweighed by danger of unfair prejudice."  Laywitness testimony regarding nervousness,

19   absent some prior knowledge of the defendant, has minimal, if any, relevance.  <u>See</u> <u>United States v. Pineda-</u>

20   <u>Torres</u>, 287 F.3d 860, 866 (9th Cir. 2002) (describing an immigration officer's testimony about the

21   defendant's "apparent nervousness" only "marginally probative" on the issue of knowledge)  <u>United States</u>

22   <u>v. Wald</u>, 216 F.3d 1222, 1227 (10th Cir.2000) (*en banc*) (evidence of  nervousness "is of limited

23   significance"[,] particularly when [the agent] had no prior acquaintance with the [defendant].")

24     These cases demonstrate that the judiciary places little to no weight upon nervousness in making

25   particular fact-based rulings under the lesser burdens of proof than the beyond a reasonable doubt standard

26   applicable at trial.  <u>See, e.g.</u>, <u>United States v. Chavez-Valenzuela</u>, 268 F.3d 719 (9th Cir. 2001)

27   ("[N]ervousness during a traffic stop–even . . . extreme nervousness . . . in the absence of other

28   particularized, objective factors, does not support a reasonable suspicion of criminal activity").  For example,

1    in Chavez-Valenzuela, Wald and Fernandez, nervousness was considered to be of little to no probative value

2    in a probable cause or reasonable suspicion context where evidentiary standards are relaxed and where there

3    is no need to consider the prejudicial impact of such evidence. See id.; Wald, 216 F.3d at 1227; Fernandez,

4    18 F.3d at 879.

5        "Nervousness" is of little probative value because "nervousness" has equally plausible innocent and

6    guilty explanations.  People confronted with law enforcement often exhibit signs of nervousness, without

7    having done anything wrong.  See, e.g., Chavez-Valenzuela, 268 F.3d at 725 ("Encounters with police are

8    necessarily stressful for law-abiders and criminals alike"); United States v. Fuentes-Cariaga, 209 F.3d 1140,

9    1142 (9th Cir. 2000) (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for

10    many reasons, one being a natural unease when confronted by an authority figure and another being fear of

11    getting caught with contraband the person knows he is carrying").

12        This, coupled with the willingness of jurors to give undue weight to testimony by law enforcement

13    officers, renders "nervousness" testimony more prejudicial than probative.  See, e.g.,  United States v.

14    Gutierrez, 995 F.2d 169, 172 (9th Cir.1993) (testimony of law enforcement officers "often carries an aura

15    of special reliability and trustworthiness").  For these reasons, any testimony that Mr. Ochoa-Ramirez

16    displayed signs of nervousness is largely irrelevant to any disputed issue and should be excluded under

17    Federal Rule of Evidence 403.

18        **2.**      **"Nervousness" Testimony Violates Rules 701 & 704(b)**

19        Such evidence should be excluded if it is couched in terms of a law enforcement witness' personal

20    opinion about Mr. Ochoa-Ramirez's behavior, i.e., "he was nervous."  An inspector or agent's personal

21    opinion is irrelevant and such opinion testimony based on no prior knowledge of the defendant, and upon

22    a very limited observation opportunity, violates Fed. R. Evid. 701. Rule 701 provides that a lay witness can

23    only testify to opinions or inferences which are (a) rationally based on the perception of the witness, (b)

24    helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue and (c)

25    not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  In

26    Gonzalez-Rivera v. INS, 22 F.3d 1441 (9th Cir. 1994), this Circuit held that an INS agent's testimony at a

27    suppression hearing that an individual was nervous must be disregarded because it was not based upon

28    "reliable, objective evidence."  Id. at 1447.  There, when explored, the basis for the agent's testimony was

      

1    that the individual appeared to have a "dry mouth." The court stated that absent reliable, objective testimony

2    that people who are nervous have a dry mouth, as opposed to just being thirsty, this inference was nothing

3    more than "subjective feelings [which] do[] not provide any rational basis for separating out the illegal aliens

4    from the American citizens and legal aliens." <u>Id.</u> Likewise, testimony by the primary agent that Mr. Ochoa-

5    Ramirez was "nervous" is nothing more than a subjective judgment based upon no prior knowledge of him

6    and should not be considered by the jury.

7           Fed R. Evid. 701 does not support the government's attempt to admit testimony of nervousness. Mr.

8    Ochoa-Ramirez fails to understand how it would assist the jury to hear a lay opinion by agents that Mr.

9    Ochoa-Ramirez appeared nervous. These agents do not know Mr. Ochoa-Ramirez, did not spend a long

10    period of time with him and therefore are in no better position than the jury to determine what Mr. Ochoa-

11    Ramirez's actions that day signified.

12           As for the caselaw cited by the government, it overstates the government's position. For example,

13    in <u>United States v. Hursh</u>, 217 F.3d 761 (9th Cir. 2000), the Ninth Circuit did *not* hold that a jury may

14    consider a defendant's nervousness. Rather, in assessing a sufficiency of the evidence argument, the panel

15    there simply stated that agents had testified that the defendant appeared nervous and that testimony could

16    have been relied on by the jury in reaching their verdict. <u>Hursh</u>, 217 F.3d at 768. Whether this testimony

17    was objected to at trial is left unstated. The government also cites to <u>United States v. Lui</u>, 941 F.2d 844, 848

18    (9th Cir. 1991). This case, however, involves "drug-courier profile" testimony in a non-complex drug trial.

19    <u>Id</u>. Testimony, Mr. Ochoa-Ramirez notes, the Ninth Circuit found erroneously admitted. <u>Id</u>. at 848-49.

20    Therefore evidence of nervousness should be excluded.

21    **C.**    <u>**Character Evidence Should Be Admitted in Concurrence with the Rules of Evidence**</u>

22           Mr. Ochoa-Ramirez will, of course, comply with the rules of evidence regarding the admission of

23    character evidence.

24    **D.**    <u>**The Court Should Reserve Ruling on Evidence of Duress and Necessity Until Trial**</u>

25           With the exception of the defenses indicated in Rule 12.3 of the Federal Rules of Criminal

26    Procedure, a criminal defendant is under no obligation to disclose his defense prior to trial. Furthermore, a

27    defendant is permitted to present any testimony that is relevant under the Federal Rules of Evidence. If the

28    //

Court is satisfied the defendant has placed enough evidence regarding a specific defense, it must instruct the jury about that defense.

The defenses of duress and necessity are not listed in Rule 12.3 of the Federal Rules of Criminal Procedure and thus Mr. Ochoa-Ramirez is not required to provide any advance notice of his intention to raise these defenses at trial should he decide to do so. Therefore the Court should reserve ruling on whether to permit evidence about these defenses until the Court has heard testimony at trial.

**E.**   **The Court Should Allow Reference to Defendant's Health and Education**

The government moves to preclude reference to defendant's age, health, finances, education and potential punishment in this case on the grounds that those matters are irrelevant. Mr. Ochoa-Ramirez has no intention of referencing any potential punishment to the jury. However, his age, education, finances and health may well be relevant to providing the jury with necessary background information, rebutting inferences drawn by the government, or providing the jury with information useful to their assessment of Mr. Ochoa-Ramirez's credibility as a witness should he choose to testify or as a declarant should the government elect to introduce his statements to the jury.

The government's prejudice argument is misplaced. There is no reason to think that reference to Mr. Ochoa-Ramirez's age, finances, education or health will play on the jury's sympathy. In fact, there is nothing at all to suggest that the jury will not assess this information as it is instructed to assess all other relevant evidence submitted—properly weighted and in the context of the overall case.

**F.**   **The Testimony of Mr. Ochoa-Ramirez's Daughter Should Be Admitted if the Court Finds It Is Relevant**

Inexplicably, the government has moved to exclude Mr. Ochoa-Ramirez's daughter from testifying without any knowledge of what her testimony is. According to the government, she does not "possess relevant, percipient knowledge of the facts and circumstances of the charged offense." Yet the government's basis for this belief is not stated at all in its moving papers. Defense counsel, under no obligation to disclose Mr. Ochoa-Ramirez's defense, has never proffered to the government what her testimony would be. If the government investigated or spoke with Mr. Ochoa-Ramirez's daughter to determine that her testimony is irrelevant, than Mr. Ochoa-Ramirez hereby requests a copy of any and all investigative reports prepared in that connection pursuant to Federal Rule of Criminal Procedure 16. To the extent the government requests

an offer of proof as to her anticipated testimony prior to the government paroling her in to the United States, Mr. Ochoa-Ramirez is prepared to provide an ex parte proffer to the Court prior to her testimony.

Furthermore, allowing Mr. Ochoa-Ramirez's daughter to testify will not lead to confusion or unfair prejudice to the United States because of any "emotional appeal of a close family member's testimony." Mr. Ochoa-Ramirez's daughter would testify consistent with any ex parte proffer provided to the Court which the Court found to be relevant and thus inadmissible. Therefore her testimony should be admitted.

**G.    The Court Should Rule on the Government's "Self-serving" Hearsay Motion in Context**

The government moves to preclude Mr. Ochoa-Ramirez's out-of-court statements to the extent that they constitute "self-serving hearsay" and are thus inadmissible under Fed. R. Evid. 801(d)(2). Mr. Ochoa-Ramirez has no intention of putting self-serving hearsay before the jury. The Court should reserve ruling on the admissibility of any statements until they are presented at trial and the Court has an opportunity to examine the context in which the statements were made and the purpose for which they were made.

**H.    This Court Should Permit the Defense Investigator to Remain in the Courtroom**

The government moves to exclude all witnesses from the courtroom during trial, with the exception of the government's case agent. Mr. Ochoa-Ramirez points out that the same logic for permitting the government's case agent to remain in the courtroom also applies to the defense investigator assigned to this case. The government argues that its case agent should be present because he is essential to the government's case because he has been essential in moving the investigation forward. Likewise, Mr. Ochoa-Ramirez's investigator has been essential to preparing her case.

Much of what the defense team understands about this case was learned post-indictment through defense investigation—an investigation largely conducted by the defense investigator assigned to the case, Ms. Rosa Tovar. As a criminal defendant, Mr. Ochoa-Ramirez will be in no position to keep track of this investigation, discovery, and other matters during trial. Just as the case agent is "an integral part of the trial team," Ms. Tovar "has been critical in moving the investigation forward," and is an invaluable member of the defense team whose presence should be allowed.

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Ochoa-Ramirez respectfully requests that the Court deny the government's motions in limine.

Respectfully submitted,

Dated: September 2, 2008                  <u>*s/ Hanni M. Fakhoury*</u>
                                          **HANNI M. FAKHOURY**
                                          Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Ochoa-Ramirez

1

**CERTIFICATE OF SERVICE**

2

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his

3

information and belief, and that a copy of the foregoing document has been served this day upon:

4

5    **DAVID D. LESHNER**
Assistant United States Attorney

6    Email: David.Leshner@usdoj.gov

7

8    Dated: September 2, 2008                              /s/ Hanni Fakhoury
**HANNI M. FAKHOURY**

9                                                          Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900

10                                                         San Diego, CA 92101-5030
(619) 234-8467  (tel)

11                                                         (619) 687-2666  (fax)
e-mail: Hanni_Fakhoury@fd.org

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28