1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,        )  Criminal Case No. 08-CR-1637-WQH
                                    )
11              Plaintiff,          )  DATE:  September 8, 2008
                                    )  TIME:  2:00 p.m.
12        v.                        )
                                    )
13 BENJAMIN OCHOA-RAMIREZ,          )  **UNITED STATES' RESPONSE AND**
                                    )  **OPPOSITION TO DEFENDANT'S**
14              Defendant.          )  **MOTIONS IN LIMINE**
                                    )
15 _____  )

16

17        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18 Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

19 hereby files its response and opposition to defendant Benjamin Ochoa-Ramirez' motions in limine. Said

20 response and opposition is based upon the files and records of this case together with the attached

21 memorandum of points and authorities.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**STATEMENT OF THE CASE**

On May 27, 2008, defendant Benjamin Ochoa-Ramirez was arraigned on a two-count Indictment charging him with importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. Defendant entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

**A.     Defendant's Apprehension**

On May 11, 2008, Defendant entered the United States from Mexico through the Calexico, CA West Port of Entry as the driver and sole occupant of a 1999 Ford Windstar. At primary inspection, CBP Officer W. Gerhart noticed that Defendant's hand was shaking when Defendant provided his border crosser card and that Defendant avoided eye contact during their encounter. In response to Officer Gerhart's questioning, Defendant asserted that the vehicle belonged to "a friend." Officer Gerhart observed that the glove compartment contained only the vehicle registration and was otherwise empty. Further, there was only one key on the ignition ring. Based on these observations, Officer Gerhart elected to refer Defendant's vehicle to secondary inspection.

At secondary inspection, CBP Officer L. Parker observed Defendant's nervous demeanor. Defendant informed Officer Parker that the vehicle belonged to a friend and that he was en route to a swap meet.

A narcotic and human detector dog alerted to the right side rear quarter panel of the vehicle. Subsequent inspection revealed 50 packages of marijuana concealed throughout the vehicle. The total weight of the marijuana was approximately 50.58 kilograms.

**B.     Defendant's Post-Arrest Statement**

Defendant received Miranda warnings and agreed to make a statement. He denied knowledge of the marijuana in the vehicle. According to Defendant, he was to be paid 200 pesos to pick up someone at the Santo Thomas swap meet. Defendant further stated that he had crossed the vehicle into the United States on two prior occasions.

## III

## **DEFENDANT'S MOTIONS IN LIMINE**

**A.    Motion To Exclude Evidence Of Prior Criminal Activity Re Defendant's Vehicle**

The United States will not introduce evidence that Defendant's vehicle previously was used in connection with alien smuggling. The Court should deny this motion as moot.

**B.    Motion Re "Fragmented" Portions Of Defendant's Post-Arrest Statements**

Defendant argues he should be allowed to introduce portions of his own post-arrest interview if the United States first introduces portions of the interview. Although Defendant tacitly concedes that these statements are hearsay, he contends they nevertheless are admissible under Federal Rule of Evidence ("FRE") 106. He is wrong.

It is undisputed that the United States may introduce Defendant's statements as party-opponent admissions. See FRE 801(d)(2). But Defendant may not introduce his own statements under Rule 801(d)(2) because the statements would not be offered against him (but rather on his behalf). United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007) (district court properly precluded defendant from eliciting his own statements - "as Mitchell was attempting to introduce them himself, they were not party-opponent admissions"); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1987).

Defendant contends that FRE 106 effectively trumps the hearsay rule by authorizing the introduction of otherwise inadmissible evidence. But the Ninth Circuit has squarely rejected identical efforts to perform an end-run around the hearsay rule under the guise of FRE 106. Simply put, "Rule 106 does not render admissible otherwise inadmissible hearsay." Mitchell, 502 F.3d at 965 n.9. See also United States v. Sine, 493 F.3d 1021, 1037 n.17 (9th Cir. 2007) ("The Federal Rules of Evidence's "principle of completeness" also does not allow the admission of otherwise inadmissible statements."); United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (district court committed reversible error in admitting out-of-court statements under FRE 106 – "[b]ecause Zaidi's out-of-court statements to Kehl do not fall within an exception to the hearsay rule, they are inadmissible, regardless of Rule 106.").

/ / /

/ / /

/ / /

1  **C.    Motion To Exclude Testimony Re Street Value Of Marijuana**

2      **1.    The marijuana's street value is relevant to the issue of knowledge**

3      The United States incorporates the argument set forth in its motions in limine filed on August 25, 2008. Under Ninth Circuit law, evidence of the street value of the marijuana in Defendant's vehicle is relevant and admissible. See, e.g., United States v. Ogbuehi, 18 F.3d 807 (9th Cir. 1994) (upholding admission of expert testimony regarding the street value of heroin); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (price, quantity and quality of narcotics is relevant to demonstrate defendant's knowledge of the drugs and intent to distribute them); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir. 1977) (street value of narcotics relevant to demonstrate defendant's knowledge).

    Defendant acknowledges that his "knowledge of the drugs is the only contested issue" in this case. (Def. Mtn. at 16.) The Government must be allowed to argue to the jury the circumstantial evidence and reasonable inferences demonstrating that Defendant knew the vehicle he drove contained marijuana. Expert testimony concerning the value of the marijuana is highly probative circumstantial evidence and should be admitted.

    **2.    Testimony re street value does not implicate FRE 704**

    Defendant's contention that FRE 704 prohibits testimony concerning the marijuana's street value is meritless. It is undisputed that an expert witness may not opine "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." FRE 704(b). "A prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997) (in prosecution for false bookkeeping entries, expert could properly testify that defendant had weak grasp of bookkeeping because such testimony did not state opinion or draw necessary inference that defendant intended to make false entries). Stated otherwise, an expert witness violates Rule 704(b) where he or she offers an "explicit opinion" on the defendant's state of mind. United States v. Murillo, 255 F.3d 1169, 1178 (9th Cir. 2001) (finding no violation of Rule 704(b) where expert testified as to his "experience with drug traffickers" generally and did not offer an "explicit opinion" as to the defendant's knowledge or intent). See also United States v. Freeman, 498 F.3d 893, 906-07 (9th Cir. 2007) (upholding admission of expert

1  testimony that defendant's "words and actions were consistent with the common practices of drug
2  traffickers" because expert "offered no opinion as to whether Freeman possessed the requisite criminal
3  intent to possess and distribute cocaine, but instead described a common practice of those who do have
4  such intent").

5      Here, as in Morales, Murillo and Freeman, Special Agent Brandon Steifer will not offer any
6  opinion as to Defendant's mental state. There is no basis to exclude his testimony concerning the value
7  of the marijuana under Rule 704(b).

**D.     Motion To Exclude Structure Evidence**

9      As set forth in the United States' motions in limine, the United States will not elicit so-called
10 "structure" testimony in its case-in-chief. However, the United States reserves the right to introduce
11 expert testimony about the modus operandi of drug-trafficking organizations and blind-mule testimony
12 if Defendant opens the door to any of those categories of evidence during opening statements,
13 cross-examination, or Defendant's case-in-chief.

**E.     Motion To Exclude Evidence Of Nervousness**

15     Ninth Circuit law is clear that a lay witness properly may testify as to his or her observations of
16 another individual's demeanor. See, e.g., United States v. Romero-Avila, 210 F.3d 1017, 1023 (9th Cir.
17 2000) (identifying defendant's nervousness at the border as part of the "strong independent evidence
18 of defendant's guilt"); United States v. Hursh, 217 F3d. 761, 767-68 (9th Cir. 2000). The United States'
19 motions in limine fully set forth its position on this issue.

**F.     Motion To Exclude TECS Evidence**

21     The Government may introduce TECS information showing that Defendant entered the United
22 States from Mexico at the Calexico West Port of Entry in the subject vehicle on at least two separate
23 occasions (May 5 and 6, 2008) just days prior to his apprehension on May 11, 2008. This evidence is
24 relevant to demonstrate Defendant's dominion and control over the vehicle.

25     Rule 404(b) is inapplicable "where the evidence the government seeks to introduce is directly
26 related to, or inextricably intertwined with, the crime charged in the indictment." United States v.
27 Lillard, 354 F.3d 850, 854 (9th Cir. 2003) (evidence of defendant's theft of cocaine inextricably
28 intertwined with charge of conspiracy to possess and distribute cocaine). See also United States v.

1  Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir.1995) (evidence is "inextricably intertwined" if "it
2  constitutes a part of the transaction that serves as the basis for the criminal charge"); United States v.
3  Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir. 1991) (affirming admission of TECS information
4  regarding prior crossings as "inextricably intertwined" with crime charged). Evidence regarding
5  Defendant's border crossings in the days prior to the smuggling incident is directly related to the crimes
6  charged and is not subject to Rule 404(b). Nevertheless, in an abundance of caution, the United States
7  also has provided notice of Defendant's prior crossings under Rule 404(b).

8  TECS evidence is admissible as a public record under FRE 803(8) unless the sources of
9  information or other circumstances indicate lack of trustworthiness. United States v. Orozco, 590 F.2d
10 789, 794 (1979). In Orozco, the Ninth Circuit Court held that nothing about the TECS recording
11 procedure indicated a lack of trustworthiness. Id. Specifically, the Court noted that, "[t]he customs
12 agents have no motive to fabricate entries into the computer and the possibility of an inaccurate entry
13 is no greater here than it would be in any other recording system." Id. Here, as in Orozco, TECS
14 records are public records and are admissible under FRE 803(8).[1]

15 **G.    Motion To Exclude Evidence Under FRE 404(b) and 609**

16 As discussed above, the Government's position is that evidence of Defendant's border crossings
17 in the vehicle the same week as his apprehension is inextricably intertwined with the charged offense
18 and thus falls outside the scope of FRE 404(b). Nonetheless, the United States has provided Defendant
19 with notice of these crossings under Rule 404(b) and has produced the relevant TECS records in
20 discovery.

21 The Government does not intend to introduce evidence under FRE 609. This motion is moot.

22 **H.    Motion To Exclude Mug Shots**

23 The Government does not intend to introduce mug shots of Defendant. This motion is moot.

24 **I.    Motion To Exclude Poverty Evidence**

25 The Government will not introduce evidence concerning Defendant's financial circumstances.

26 ///

27 ───────────
28 [1] Defendant asserts that "Orozco is wrong, and this Court should not follow it." (Def. Mtn. at 9 n. 3.) This request is, of course, at odds with the basic precept that this Court must following controlling Ninth Circuit authority.

1 **J.**     **Motion To Prohibit Vouching**

2      Counsel for the United States will not engage in impermissible vouching.

3 **K.**     **Motion For Production Of Supplemental Reports**

4      Under F.R.Crim.P. 16(a)(2), reports of law enforcement agents are not discoverable. This
5 subsection exempts from disclosure documents prepared by government attorneys and agents that would
6 otherwise be discoverable under Rule 16. United States v. Fort, 472 F.3d 1106, 1110 & n.2 (9th Cir.
7 2007).

8      Notwithstanding Rule 16(a)(2), the United States has produced all reports that potentially fall
9 within the scope of the Jencks Act. There are no Government reports in this case that fall within the
10 scope of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

11 **L.**     **Motion To Preclude Expert Testimony**

12      As described in the United States' motions in limine, the United States will call ICE Special
13 Agent Brandon Steifer as an expert witness regarding (1) the wholesale and retail price of marijuana in
14 the Mexicali, Baja California, Mexico area and across the border in Imperial County, California in May
15 2008 and (2) the quantity of marijuana at issue in this case as a distributable, rather than a personal use
16 amount. The United States also will call DEA Forensic Chemist Gary Goldberg to provide expert
17 testimony that the substance found in Defendant's car was marijuana. The United States has given
18 notice to Defendant of this expert testimony and has provided Defendant with each witness'
19 qualifications as well as documents generated by the witnesses in the course of their analyses. The
20 United States has complied with Rule 16, and there is no basis to exclude the testimony of these expert
21 witnesses.

22 **M.**     **Motion Re Documents Not Produced In Discovery**

23      The United States has complied with its discovery obligations under F.R.Crim.P. 16 and will not
24 introduce in its case-in-chief at trial documents not previously produced to Defendant. The United
25 States reserves the right, however, to introduce additional documents in rebuttal given that Rule 16 does
26 not require the disclosure by the prosecution of evidence it intends to use in rebuttal. United States v.
27 Givens, 767 F.2d 574, 583 (9th Cir. 1984).

28 ///

**N.    Motion For Attorney Voir Dire**

The United States defers to the Court's usual practice on this issue.

**O.    Motion To Compel Production Of Grand Jury Transcripts**

The United States does not anticipate that any witness who testified before the grand jury will testify at trial.

**P.    Motion To Exclude Marijuana From Courtroom**

Defendant asserts that his "knowledge of the drugs is the only contested issue" in this case and that "the presence of the marijuana seized is undisputed." (Def. Mtn. at 16.) But Defendant has declined the United States' request to stipulate that the substance in his vehicle was, in fact, marijuana.

Given Defendant's refusal to acknowledge that there was marijuana in his vehicle, the United States will call a DEA chemist to testify that the substance is marijuana. The United States does not intend to bring the entire marijuana load into the courtroom. However, in connection with the chemist's testimony, it may be necessary for the United States to show the secondary CBP officer and the chemist the samples of marijuana seized from the vehicle that were tested.

**Q.    Motion To Exclude Indictment From Jury Room**

The United States defers to the Court's usual practice on this issue.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court rule on defendant's motions in limine as set forth above.

DATED:    September 2, 2008.              Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08-CR-1637-WQH |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| BENJAMIN OCHOA-RAMIREZ, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Hanni Fakhoury, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2008.

/s/ David D. Leshner
DAVID D. LESHNER