KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-1637-WQH |
|---|---|---|
| Plaintiff, | ) ) ) | DATE:  September 9, 2008<br>TIME:   9:00 a.m. |
| v. | ) ) | |
| BENJAMIN OCHOA-RAMIREZ, | ) ) | **UNITED STATES' TRIAL MEMORANDUM** |
| Defendant. | ) ) ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Trial Memorandum.

**I**

**STATEMENT OF THE CASE**

**A.    INDICTMENT**

On May 27, 2008, defendant Benjamin Ochoa-Ramirez was arraigned on a two-count Indictment charging him with importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. Defendant entered a plea of not guilty.

/ / /

**B.    TRIAL STATUS**

A jury trial is scheduled for September 9, 2008, at 9:00 a.m. before the Honorable William Q. Hayes, United States District Judge. The United States expects its case-in-chief to last approximately one-and-one-half days.

**C.    DEFENSE COUNSEL**

Defendant is represented by appointed counsel, Hanni Fakhoury, Esq.

**D.    DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.    JURY WAIVER**

Defendant has not filed a jury waiver.

**F.    PRETRIAL MOTIONS**

On June 10, 2008, the United States filed a motion for reciprocal discovery. On June 23, 2008, Defendant filed motions to compel discovery, preserve and re-weigh narcotic evidence, dismiss the indictment and obtain leave to file further motions. Both parties have filed motions in limine. The Court will hear all motions on September 8, 2008.

**G.    STIPULATIONS**

At the September 8, 2008 motion hearing, the parties will provide the Court with a written stipulation that the net weight of the substance seized from Defendant's vehicle was 45.5 kilograms.

**H.    DISCOVERY**

The Government has fully complied with its discovery obligations. To date, Defendant has not provided reciprocal discovery.

## II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On May 11, 2008, Defendant entered the United States from Mexico through the Calexico, CA West Port of Entry as the driver and sole occupant of a 1999 Ford Windstar. At primary inspection, CBP Officer W. Gerhart noticed that Defendant's hand was shaking when Defendant provided his border crosser card and that Defendant avoided eye contact during their encounter. In

response to Officer Gerhart's questioning, Defendant asserted that the vehicle belonged to "a friend." Officer Gerhart observed that the glove compartment contained only the vehicle registration and was otherwise empty. Further, there was only one key on the ignition ring. Based on these observations, Officer Gerhart referred Defendant's vehicle to secondary inspection.

At secondary inspection, CBP Officer L. Parker observed Defendant's nervous demeanor. Defendant informed Officer Parker that the vehicle belonged to a friend and that he was en route to a swap meet.

In secondary, a narcotic and human detector dog alerted to the right side rear quarter panel of the vehicle. Subsequent inspection revealed 50 packages of marijuana concealed throughout the vehicle. The total weight of the marijuana was approximately 50.58 kilograms.

**B.     Defendant's Post-Arrest Statement**

Defendant received Miranda warnings and agreed to make a statement. He denied knowledge of the marijuana in the vehicle. According to Defendant, he was to be paid 200 pesos to pick up someone at the Santo Thomas swap meet in Calexico, CA. Defendant further stated that he had crossed the vehicle into the United States on two prior occasions.

### III

### APPLICABLE LAW

**A.     ELEMENTS OF THE CHARGED OFFENSES**

    **1.     Importation of a Controlled Substance (21 U.S.C. §§ 952, 960)**

The United States must prove beyond a reasonable doubt that:

    1)     Defendant knowingly brought marijuana into the United States; and

    2)     Defendant knew that it was marijuana or some other prohibited drug.

9th Cir. Crim. Jury Instr. 9.27 (2003).

    **2.     Possession of a Controlled Substance with Intent to Distribute (21 U.S.C. § 841(a))**

The United States must prove beyond a reasonable doubt that:

    1)     Defendant knowingly possessed marijuana or some other prohibited drug; and

    2)     Defendant possessed it with the intent to deliver it to another person.

9th Cir. Crim. Jury Instr. 9.13 (2003).

1   It does not matter whether Defendant knew that the substance was marijuana. It is sufficient that
2   Defendant knew that it was some kind of prohibited drug. Id.

3   Possession may be actual or constructive, and it may be proved by direct or circumstantial
4   evidence. See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112-1113 (9th Cir. 2000).
5   Moreover, a defendant's mere possession of a substantial quantity of a controlled substance may show
6   that the defendant knowingly possessed the substance. See United States v. Diaz Cardenas, 351 F.3d
7   404, 407 (9th Cir. 2003) (holding that jury could infer knowledge when an individual is the driver and
8   sole occupant of a vehicle containing 9.48 pounds of methamphetamine and 17.65 pounds of cocaine
9   concealed in the air bag of the vehicle); United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir.
10  1989) (finding 2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute and noting
11  that a secret compartment within a vehicle used to conceal illegal substances can raise an inference
12  concerning knowledge of the substance).

13  Knowledge may also be proved by reasonable inferences from the street value of the narcotics.
14  See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as to the street
15  value of narcotics, . . . and counsel can argue reasonable inferences from it") (citation omitted); United
16  States v. Golden, 532 F.2d 1244, 1247 (9th Cir.1976) (holding that "value of the heroin found in the
17  bags was relevant to both appellants' knowledge of the presence of the heroin and intent to distribute");
18  Gaylor v. United States, 426 F.2d 233, 235 (9th Cir. 1970) (testimony as to the selling price of cocaine
19  was relevant to issue of knowledge, since it tended to refute "the possibility that a stranger could have
20  placed such a valuable cargo in a vehicle in the hope that the vehicle could be followed and the cocaine
21  later recovered in the United States").

22  With regard to distribution/delivery, the United States may prove the "intent to deliver" element
23  based on the following: the quantity of contraband (Diaz Cardenas, 351 F.3d at 407); the manner in
24  which the controlled substance was packaged (United States v. Glenn, 667 F.2d 1269, 1292 (9th Cir.
25  1982)); and the street value of the narcotics. United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th
26  Cir. 1994); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (evidence of $100,000 street
27  value of cocaine was relevant to proving defendant's intent to distribute).
28  / / /

## IV.

## **VOIR DIRE**

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict?

2. Has anyone had an unpleasant experience with any law enforcement personnel?

3. Has anyone had any disputes with any agency of the United States Government?

4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?

5. The Government will be calling witnesses employed by the Department of Homeland Security, Customs and Border Protection and Immigration and Customs Enforcement. Does anyone have family members or close friends who work, or have worked, for these agencies? Would that prevent you from being fair and impartial? Does anyone have any negative views of these agencies that would prevent you from being fair and impartial?

6. Has anyone ever had any disputes with any agency of the United States Government?

7. Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

8. Does everybody understand that a defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

10. The defendant in this case is charged with importation of a controlled substance. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent them from viewing the evidence impartially?

11. Certain events in this case took place at the Calexico West Port of Entry. Have any of you been sent to secondary inspection or had your vehicle searched at the Calexico West

or another port of entry? Have any of you had any positive or negative experiences at the Calexico West or another port of entry? Do you believe that this experience might prevent you from viewing the evidence in this case impartially?

14. Regardless of any position you may have on the legalization or criminalization of marijuana, if you become a juror in this federal trial, will you be able to follow the federal law of the United States as it presently stands and as the judge instructs you regarding the criminal importation and possession of marijuana?

## V

## **JURY INSTRUCTIONS**

The United States will submit proposed jury instructions under separate cover.

DATED: September 4, 2008.          Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-1637-WQH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| BENJAMIN OCHOA-RAMIREZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Hanni Fakhoury, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

/s/ David D. Leshner
DAVID D. LESHNER