**HANNI M. FAKHOURY**
California Bar No. 252629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Hanni_Fakhoury@fd.org

Attorneys for Mr. Ochoa-Ramirez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CASE NO.: 08CR1637-WQH |
| Plaintiff,  ) | DATE: September 9, 2008 |
|   ) | TIME: 9:00 a.m. |
| v.  ) | |
|   ) | **DEFENDANT'S PROPOSED JURY** |
| **BENJAMIN OCHOA-RAMIREZ**,  ) | **INSTRUCTIONS** |
|   ) | |
| Defendant.  ) | |

**TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
         DAVID D. LESHNER, ASSISTANT UNITED STATES ATTORNEY:**

BENJAMIN OCHOA-RAMIREZ, by and through his counsel, Hanni M. Fakhoury, and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Ochoa-Ramirez also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,


Dated: September 6, 2008                          *s/ Hanni M. Fakhoury*
                                                   **HANNI M. FAKHOURY**
                                                   Federal Defenders of San Diego, Inc.
                                                   Attorneys for Mr. Ochoa-Ramirez

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE
9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

| Instruction Number | Title |
|---|---|
| 1.1 | Duty Of Jury |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Evidence For Limited Purpose |
| 1.7 | Ruling On Objections |
| 1.8 | Credibility Of Witnesses |
| 1.9 | Conduct Of The Jury |
| 1.10 | No Transcript Available To Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline Of Trial |
| 1.13 | Jury To Be Guided By Official English Translation/Interpretation |
| 2.4 | Stipulations Of Fact |
| 2.9 | Foreign Language Testimony (If Applicable) |
| 2.10 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 3.3 | Defendant's Decision Not To Testify (If Applicable) |
| 3.4 | Defendant's Decision To Testify (If Applicable) |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Evidence Of Other Acts Of Defendant Or Acts And Statements Of Others |
| 3.11 | Activities Not Charged |
| 3.20 | Jury To Be Guided By Official English Translation/Interpretation |
| 4.3 | Other Crimes, Wrongs Or Acts Of Defendant (If Applicable) |
| 4.6 | Impeachment, Prior Conviction Of Defendant (If Applicable) |
| 4.14 | Eyewitness Identification |
| 4.17 | Opinion Evidence, Expert Witness |
| 7.1 | Duty To Deliberate |
| 7.2 | Consideration Of Evidence |
| 7.3 | Use Of Notes |
| 7.5 | Verdict Form |

7.6     Communication With Court

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.   1   **

This is a criminal case brought by the United States government. The government charges Mr. Ochoa-Ramirez with importation of a controlled substance and possession of a controlled substance with the intent to distribute. The charges against Mr. Ochoa-Ramirez are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

I instruct you that you must presume Mr. Ochoa-Ramirez to be innocent of the crime charged. Thus Mr. Ochoa-Ramirez, although accused of a crime in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Ochoa-Ramirez is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Ochoa-Ramirez .

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Ochoa-Ramirez is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

//

//

//

1  Unless the government proves, beyond a reasonable doubt, that Mr. Ochoa-Ramirez has committed each and every element of the offenses charged in the indictment, you must find Mr. Ochoa-Ramirez not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Authority

Ninth Cir. Model Jury Instr. 1.2 (2003 Ed.) (Modified), O'Malley, et al., <u>Federal Jury Practice and Instruction - Criminal</u> § 12.10: Presumption of innocence, burden of proof, and reasonable doubt (5th Ed.) (modified with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  **COURT'S INSTRUCTION NO. _____**

2  **DEFENDANT'S PROPOSED INSTRUCTION NO.     2    **

3

4       Mr. Ochoa-Ramirez is charged in Count 1 of the indictment with unlawful importation of marijuana in violation of Sections 952 and 960 of Title 21 of the United States code.  In order for Mr. Ochoa-Ramirez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

       First, Mr. Ochoa-Ramirez intentionally brought marijuana into the United States;

       Second, Mr. Ochoa-Ramirez knew that it was marijuana that he was bringing into the United States; and,

       Third, Mr. Ochoa-Ramirez knew that the quantity of marijuana was 44.5 kilograms.

                                            Authority

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2003 ed.) (modified); Apprendi v. New Jersey, 530 U.S. 466 (2000).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.    3   **

     Mr. Ochoa-Ramirez is charged in Count 2 of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Mr. Ochoa-Ramirez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

     First, Mr. Ochoa-Ramirez knowingly possessed marijuana; and,

     Second, Mr. Ochoa-Ramirez possessed marijuana with the intent to deliver it to another person; and,

     Third, Mr. Ochoa-Ramirez knew that he possessed 44.5 kilograms of marijuana.

Authority

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 9.13 (2003 ed.) (modified); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_4\_\_**

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Ochoa-Ramirez that the government must prove, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

<u>Authority</u>

O'Malley, Grenig, and Lee.  <u>Federal Jury Practice and Instructions</u>, 5th Ed.  § 17.04.

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  **COURT'S INSTRUCTION NO. _____**

2  **DEFENDANT'S PROPOSED INSTRUCTION NO.   5  **

4  You cannot infer that Mr. Ochoa-Ramirez had knowledge of the marijuana inside the vehicle solely from the fact that Mr. Ochoa-Ramirez drove the vehicle. An individual may unknowingly transport something in a vehicle.

Authority

United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir. 1992) (En Banc).

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  **COURT'S INSTRUCTION NO. _____**

2  **DEFENDANT'S PROPOSED INSTRUCTION NO.   6   **

   A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.  Possession of drugs cannot be found solely on the ground that drugs were found in the vehicle Mr. Ochoa-Ramirez was driving.

Authority

United States v. Raper, 676 F.2d 841 (D.C. Cir. 1981); United States v. Davis, 562 F.2d 1026 (3d Cir. 1972); United States v. Zandi, 769 F.2d 229 (4th Cir. 1985); United States v. Cardenas, 748 F.2d 1015 (5th Cir. 1984); United States v. Freeze, 707 F.2d 132 (5th Cir. 1983); United States v. Vergera, 687 F.2d 57 (5th Cir. 1982); United States v. White, 660 F.2d 1178 (7th Cir. 1981); United States v. Batimana, 623 F.2d 1366 (9th Cir. 1980); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); 1 L. Sand, et al., Modern Federal Jury Instructions -Instruction #56-5; Manual of Model Jury Instructions for the Ninth Circuit, § 3.18 (2003 ed) (modified).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1 **COURT'S INSTRUCTION NO. _____**

2 **DEFENDANT'S PROPOSED INSTRUCTION NO.    7   **

4  Possession of a large quantity of a controlled substance without additional evidence of guilt beyond a reasonable doubt is insufficient to support a finding of knowing possession. An individual may unknowingly possess a substantial quantity of narcotics, just as he may unknowingly transport a small quantity of contraband in a vehicle.

<u>Authority</u>

<u>United States v. Chu</u>, 988 F.2d 981 (9th Cir. 1993); <u>United States v. Rubio-Villareal</u>, 967 F.2d 294 (9th Cir. 1992) (En Banc).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.    8   **

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

<u>Authority</u>

1 L. Sand, et al., <u>Modern Federal Jury Instructions</u> (2001), § 7-16; <u>Bush v. United States</u>, 375 F.2d 602 (D.C. Cir. 1967); <u>United States v. Masino</u>, 275 F.2d 129 (2d Cir. 1960).

GIVEN _____

GIVEN AS MODIFIED_____

REFUSED_____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.     9   **

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the [Government] [has] proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to Mr. Ochoa-Ramirez's innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

<u>Authority</u>

Judicial Council of California Criminal Jury Instructions (CALCRIM) 224 - Circumstantial Evidence: Sufficiency of Evidence (2007) (modified)

GIVEN _____

GIVEN AS MODIFIED_____

REFUSED_____

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S PROPOSED INSTRUCTION NO.    10   **

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not Mr. Ochoa-Ramirez is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the argument of fellow jurors; to present you individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

<u>Authority</u>

1 L. Sand, et al., <u>Modern Federal Jury Instructions</u> (1999), § 9-7.

GIVEN _____

GIVEN AS MODIFIED_____

REFUSED_____

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**DAVID D. LESHNER**
Assistant United States Attorney
880 Front Street
Room 6293
San Diego, CA 92101
(619) 557-5610
Fax: (619) 557-3445
Email: David.Leshner@usdoj.gov

Dated: September 8, 2008

/s/ *Hanni Fakhoury*
**HANNI M. FAKHOURY**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail: Hanni_Fakhoury@fd.org